LETTS, Judge,
dissenting in part.
The ex-husband is seeking downward modification of his child support payments. The trial court found that he had met his burden of showing a substantial change in circumstance, cancelled the rehabilitative alimony (with which I have no quarrel) and reduced the child support from $260 per week to $250 per week. The problem is that his weekly take home pay is only $268 per week, leaving him but $10 per week on which to live, an obvious impossibility.
The trial judge found that the husband’s statement of income was “not completely credible.” In other words, the trial judge apparently imputed income. Yet, the record reveals that the husband is working full time, five days a week and on alternate weekends. He, by no means, can be equated to a surgeon who has become a bricklayer by choice in order to defeat his family obligations. He was, at the time of the dissolution, employed as an “electrical project manager.” After that, he and four other employees were laid off. He found alternate employment, but was fired from that second position and could not find work for some time. He is now employed as an “electrical foreman.” Thus, his vocation remains unchanged.
It may well be that he is somehow fudging on the amount of his income and it is interesting that, despite his precarious, financial state, he has managed to get remarried. Nonetheless, there is nothing in the record to suggest financial shenanigans, and at a minimum, I would require an evidentiary hearing to delve fully into the question of income imputation, especially since the trial judge has conceded a substantial change in circumstance.